Anthony M.  Solis, SBN 198580
A Professional Law Corporation
23679 Calabasas Road, Suite 412
Calabasas, CA 91302
(213) 489-5880 - Phone
(213) 489-5923 - Fax
anthonysolislaw@gmail.com

Attorney for Defendant
Charles B. Hensley

United States District Court

Central District of California

Western Division

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Charles B. Hensley,<br><br>Defendant. | Case No.: 22-cr-361-JLS<br><br>Notice of Motion and Motion for a Competency Hearing; Memorandum of Points and Authorities; Declaration of Anthony M. Solis<br><br>**Trial Date: 9/12/2023**<br>Date: June 16, 2023<br>Time:  9:30 a.m.<br>Courtroom of the<br>Hon. Josephine L. Staton |

To all interested parties:

    Please take notice that on June 16, 2023 at 9:30 a.m. or as soon thereafter as counsel may be heard in the Courtroom of the Hon. Josephine L. Staton, defendant, Charles B. Hensley, by and through his counsel of record, Anthony M. Solis, will move and hereby does move, pursuant to Fed. R. Crim. P. 12.2(c) and 18 U.S.C. §§ 4241(a) and (b), for a hearing to determine the mental and physical competency of the defendant and for an order that the defendant be given a psychological, psychiatric and physical examination prior to any hearing on the matter and, further, that a report be prepared pursuant to the procedures set forth in 18 U.S.C. § 4247(b)

**Motion for a Hearing Re: Mental Competency**

and (c).

This motion is based upon the fact that undersigned defense counsel has reason to believe that the defendant may be presently suffering for a mental disease or defect rendering him mentally and/or physically incompetent to the extent that he is presently unable to properly assist counsel in his defense. This belief is based upon counsel's personal interactions with the defendant, the defendant's medical records and the evaluation of defense experts. This motion is based upon the attached memorandum of points and authorities, the attached Declaration of Anthony M. Solis, the records and files in this case and upon such further evidence as may be considered by this Court at any time prior to or following any hear on this matter, should one be held.

Dated: May 5, 2023                    Respectfully submitted,

                                      Anthony M. Solis
                                      A Professional Law Corporation


                                      *Anthony M. Solis /s/*
                                      Anthony M Solis
                                      Attorney for Defendant
                                      Charles B. Hensley

## Memorandum of Points and Authorities

Charles B. Henlsey is before the Court charged in a First Superseding Indictment (FSI) with (1) Wire fraud in violation of 18 U.S.C. § 1343; (2) aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1); (3) Money laundering in violation of 18 U.S.C. § 1957 and; (4) criminal forfeiture in violation of 18 U.S.C. 981 (a)(1)(C) and 982(a)(1); 28 U.S.C. § 2461(c). *See* FSI Dkt. #25.

On December 29, 2022, Mr. Hensley made his initial appearance in the district court. At that time, Mr. Hensley represented to the court that he was able to understand the nature of the charges and a statement of his rights. At that same time, undersigned counsel was, prior to and during the hearing, able to communicate with Mr. Hensley to get through the arraignment. Mr. Hensley was able to read and understand the charges against him. He was able to read and understand his rights and communicate to counsel that he understood them.

Since Mr. Hensley's arraignment, it has become clear to undersigned counsel that Mr. Hensley lacks the capacity to meaningfully assist counsel in the defense of his case. A competency hearing is required.

### A. The Factual Background.

The offense conduct which gives rise to the charged conduct in this case occurred between August 2017 and May 2018. *See* FSI ¶ 2. The allegation in the FSI is that Mr. Hensley organized and executed a fraud scheme. After the conclusion of the alleged scheme, in May of 2020, Mr. Hensley suffered an acute stroke which damaged his ability to ambulate or speak. Currently, he is wheelchair-bound, partially paralyzed and resides in a rehabilitation facility. He is fully dependent on staff at the facility for his care, including even his most basic needs. While Mr. Hensley has received a great deal of physical, occupational and speech therapy, the stroke has left him with permanent disabilities.

While Mr. Hensley is able to respond to verbal cues—he can answer yes or no questions and form small sentences–he remains completely unable to

communicate in a way that can meaningfully assist in the defense of his case. *See* Declaration of Anthony M. Solis attached here to. His caregivers and doctors all have concluded that his condition will not improve.

### B.  The Law

At any time after the initiation of criminal proceedings, the defendant or attorney for the government may file a motion for a hearing to determine the defendant's mental competency.  *See* 18 U.S.C. § 4241(a).

> The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of the proceedings against him or to assist properly in his defense.

*Id.*

A defendant is competent if he has the ability to "understand the proceedings and assist counsel in preparing a defense. *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997). If a court has reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent," it may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(b). *See also United States v. George*, 85 F.3d 1433, 1437 (9th Cir. 1996). ("[T]he court clearly has jurisdiction to determine whether an examination is necessary.")

Psychiatric or psychological examinations of the defendant ordered pursuant to 18 U.S.C. §§ 4241(a) and (b) are to be conducted pursuant to the provisions of Section 4742(b) and (c). Section 4742(b) provides that the Court *may* "commit the person to be examined for a reasonable period. . .to the custody of the Attorney General for placement in a suitable facility." Often, however, such an evaluation can be conducted within the district in which the defendant is housed or resides.

### C. Mr. Hensley's Current Situation

As the Court may understand, a defendant's competency is not static and may change over time or in response to events, changes in physiology, changes in medication, therapy regimes, etc. Over the past several months, counsel has met with

Mr. Hensley to discuss the case background, the evidence and various procedural aspects of the proceeding. During these meetings, Mr. Hensley appeared to understand and participate in the conversations. However, the information was basically one-way with counsel talking and Mr. Hensley acknowledging or answering with one word responses. Upon information and belief, because of Mr. Hensley's medical condition, his competency to stand trial will not improve.

In his present condition, Mr. Hensley is not competent to assist in the defense of his case or participate in a trial in any meaningful way.

### Conclusion

Based upon the foregoing, it is respectfully requested that the Court order the appropriate hearing to determine Mr. Hensley's competency.

Dated: May 5, 2023                    Respectfully submitted,

Anthony M. Solis
A Professional Law Corporation


*Anthony M. Solis /s/*
Anthony M Solis
Attorney for Defendant
Charles B. Hensley

### Declaration of Anthony M. Solis

Anthony M. Solis declares as follows:

    1. I am an attorney at law licensed to practice in this district. I represent the defendant, Charles B. Hensley, in this matter.

    2. My review of Mr. Hensley's medical records reveals that Mr. Hensley suffered a massive or acute stroke in May of 2020. While he received several therapies and efforts at rehabilitation, his condition has not improved to the point where he can meaningfully participate in his defense. Following my appointment in this matter, I retained an expert to review Mr. Hensley's condition, medical records and evaluate him personally.

    3. Dr. Manuel St. Martin personally evaluated Mr. Hensley and discussed Mr. Hensley's condition with his caregivers at the rehabilitation facility at which Mr. Hensley resides. Dr. St. Martin opined that Mr. Hensley's stroke debilitated him severely, making him dependent on caregivers and the rehab facility for his care. Hensley also suffers from apashia, which has decimated his ability to speak. Dr. St. Martin has concluded that Mr. Hensley's condition will not improve from its current state. He remains unable to speak in complete, coherent sentences. He remains partially, permanently paralyzed. Dr. St. Martin has explained to me that, in his opinion, Mr. Hensley is not competent to stand trial under the federal standard because he is completely unable to assist counsel in his defense and that condition is not likely to improve. Dr. St. Martin has also opined that Mr. Hensley would not be able to meaningfully participate in a trial in that he would be unable to respond to witness testimony, or even testify himself. Subjecting Mr. Hensley to cross-examination would be farcical.

    4. I have personally met with Mr. Hensley a number of times. While he appears to understand what I tell him, he cannot respond to me in other than sentences of one or a few words. He struggles to collect his thoughts or communicate what he is thinking. I have tried to communicate with him in writing

but his emails to me make nearly no sense. During my meetings with him, discussion of even basic concepts takes an exceptionally long time. In short, he appears to not be able to meaningfully assist me in the defense of his case. If he wanted to testify in his own defense, he could not do so.

5. I have discussed this matter with government counsel, AUSA Kerry Quinn. Ms. Quinn informed me that she was aware that Mr. Hensley had suffered a massive stroke and that she had evaluated some of Mr. Hensley's medical records prior to charging the case. She had not made any conclusions on Mr. Hensley's competency. Upon information and belief, Ms. Quinn also believes a competency evaluation is appropriate under the circumstances.

6. Based on the foregoing, it is respectfully requested that the Court order a mental health evaluation and, thereafter, hold a hearing to determine Mr Hensley's competency.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 5th day of May, 2023 at Calabasas, California.


*Anthony M. Solis /s/*